## UNITED STATES DISTRICT COURT
## WESTERN MASSACHUSETTS

**TRIAL DEPARTMENT**
**DOCKET NO.**

|  |  |
|---|---|
| **THOMAS F. PECKHAM, III,** | ) |
| **STACIA PECKHAM, Thomas** | ) |
| **Peckham, jr, ADELAIDE PECKHAM** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NORTH ADAMS TRANSCRIPT** | ) |
| | ) |
| **Defendant** | ) |

### COMPLAINT

### <u>PARTIES</u>

1. The Plaintiff, Thomas F. Peckham, III, ("T. Peckham") is an individual residing at 47 Barth Street, North Adams, Massachusetts.

2. The Plaintiff, Stacia Peckham, ("S. Peckham") is an individual residing at 47 Barth Street, North Adams, Massachusetts.

3. The Plaintiff, Adelaide Peckham, ("A. Peckham") is an individual residing at 89 Lois Street, North Adams, Massachusetts.

4. The Plaintiff, Thomas Peckham Junior, ("TJ. Peckham") is an individual residing at 89 Lois Street, North Adams, Massachusetts.

5. The Defendant, North Adams Transcript, is a corporation with a principal place of business at 124 American Legion Drive, North Adams, Massachusetts.

### <u>FACTUAL BACKGROUND</u>

6. The Plaintiffs incorporate by reference the allegations made in paragraphs 1 through 4 of the complaint as if fully set forth herein.

7. On July 4, 2008, T. Peckham, S. Peckham and their children were attending a 4th of July picnic at her parents' home.

1

8. At some point during the family picnic, T. Peckham left his parents' home to purchase some items for his children.

9. As T. Peckham returned to the family picnic, he was seriously injured in an automobile accident that occurred in Williamstown, Massachusetts when Albert Dickinson ("Mr. Dickinson), who was driving while under the influence of alcohol and/or drugs, crossed into T. Peckham's lane of travel and struck T. Peckham's vehicle head-on.

10. The Massachusetts State Police conducted a search of Mr. Dickinson's vehicle immediately after the accident and found several prescription medication bottles with their labels ripped off in such a way so as to make it impossible to determine the identity of the person for whom the drug was prescribed.

11. The prescription medication bottles were found to contain 1 Xanax pill and 19 Vicodin pills.

12. The search of Mr. Dickinson's vehicle also revealed an open container of Budweiser beer on the front passenger side floor and a number of unopened beer cans in the rear of the vehicle.

13. On May 14, 2009, Sgt. Eino A Thompson, Jr., a collision reconstruction specialist with the Massachusetts State Police, completed a Collision Reconstruction Report.  In his report, Sgt. Thompson stated, "(t)his collision and resultant demise of operator 1 and the severe injuries incurred by operator 2 would not have occurred if not for operators 1's encroachment into the path of the oncoming vehicle 2.  Vehicle 1's encroachment into the southbound travel-lane was a direct result operator 1's inattention to his driving and surroundings. As already noted, there was strong evidence from witnesses that operator 1 had consumed alcoholic beverages prior to this collision.  Additionally, it was discovered that operator 1 was a diabetic.  In all probability, the earlier alcoholic consumption by operator 1 was the catalyst for his careless; reckless; and negligent operation which resulted in this collision."

14. As a result of the accident, T. Peckham sustained catastrophic injuries, including, but not limited to, the following:

    1.   Right segmental tibia/fibula fracture, grade IIIB open
    2.   Left femoral neck fracture
    3.   Left femoral shaft fracture, grade II open
    4.   Left tibial plateau fracture,  type VI
    5.   Right forearm both bones fracture
    6.   Right shoulder adhesive capsulitis
    7.   Painful hardware right forearm (radius and ulna plates)
    8.   Abdominal wall hematomas
    9.   Loculated pneumothorax
    10.  Left calf compartment syndrome

15. Immediately after the impact, T. Peckham could hear from inside his mangled vehicle cries from outside his vehicle, which he later realized were from the daughters of the man who had caused the accident.  T. Peckham wanted to get out of the vehicle to help the little girl who was crying, but could not move from inside his vehicle.

16. The next ten to twenty minutes that followed, were possibly the most horrific moments of T. Peckham's life.  During that time, he was fully conscious, completely aware that he could not move from inside his vehicle, that he was severely injured; he could hear the emergency personnel around him discussing the seriousness of his injuries and their concern as to whether he would "bleed out".  T. Peckham was in a full panic as he listened, watched and felt the Jaws of Life cut him out of his car as he was surrounded by fire trucks and other emergency personal.

17. During this time, T. Peckham became aware that his father TJ. Peckham and his wife S. Peckham, who was four months pregnant at the time, had arrived and were watching from the side of the road as they were not allowed to get closer.

18.  T. Peckham could see the horror on their faces.  With his one free hand. he attempted a wave so his father could see that he was alive.

19. During this horrific nightmarish time for T. Peckham, S. Peckham and other family members, a photographer for the North Adams Transcript took a photo of the accident scene with T. Peckham still in his car with his arm dangling out (the "Photo"). (see Photo attached as Exhibit A)

20. Once the medical emergency personnel were able to free T. Peckham from his vehicle, T. Peckham was airlifted to the trauma unit at Albany Medical Center, where he remained for the next two weeks.

21. The next day, the North Adams Transcript had a news article about the accident.  The Photo was alongside the news article.

22. In addition to the Photo in the newspaper; the North Adams Transcript was selling the Photo offered online for commercial sale reproductions of the accident scene photo in color on Tee-shirts, coffee mugs, and mouse pads.

23. The North Adams Transcript did not ask permission from T. Peckham prior to commercializing the photo.

24. A. Peckham was the first to discover this, she was online looking at the newspaper article, and much to her horror saw the most grisly experience of her life was not only being displayed in the newspaper as news but now was being seen as a commercial event for the newspaper to exploit.

25. S. Peckham also discovered the items for sale.  S. Peckham was traumatized and horrified by his discovery, this only added to her emotional distress.

26. T. Peckham became aware of The North Adams Transcript's exploitation of the accident scene photo within a week or two of his accident, when he regained full consciousness. This exploitation of his injuries by The North Adams Transcript added to his emotional distress and further was a violation of his privacy.

## COUNT 1
### T. Peckham v. The North Adams Transcript
### Violation of Privacy

27. T. Peckham incorporates all the allegations set forth in paragraphs 1-26 above as though fully set forth herein.

28. As a result of North Adams Transcripts violation of T. Peckham's privacy rights and the North Adams Transcript's exploitation of the Photo on mouse pads, tee-shirts and coffee mugs, T. Peckham's right to privacy has been violated and he has suffered damages as a result there of .

## COUNT II
### T. Peckham v. The North Adams Transcript
Emotional Distress
Negligent Infliction thereof

29. T. Peckham incorporates all the allegations set forth in paragraphs 1-29 above as though fully set forth herein.

30. When T. Peckham became aware that the North Adams Transcript had sensationalized one of the most horrific moments of his life, by capturing it on a photo and then making that photo for sale on tee-shirts, coffee mugs and mouse pads T. Peckham suffered emotional distress in addition to the physical and emotional distress as a result of the car accident, and other loses in connection with the accident.

31. The realization that the North Adams Transcript had commercialized the photograph for its own profit without asking his permission further aggravated T. Peckham's emotional distress that he was already suffering from as a result of the car accident on July 4, 2008. Wherefore, T. Peckham suffered emotional distress and injury as a result of the exploitation of the Photo.

## COUNT III
### Peckham v. The North Adams Transcript
### Emotional Distress
### Negligent Infliction thereof

4

32. A. Peckham incorporates all the allegations set forth in paragraphs 1-32 above as though fully set forth herein.

34. A. Peckham suffered emotional distress and injury as a result of The North Adams Transcript exploitation of the Photo by commercializing it for profit online and making said Photo available on Tee-shirts, mugs and mouse pads.


**COUNT IV**
**S. Peckham v. The North Adams Transcript**
**Emotional Distress**
**Negligent Infliction thereof**


35. S. Peckham incorporates all the allegations set forth in paragraphs 1-34 above as though fully set forth herein.


36. S. Peckham suffered further emotional distress when she learned that The North Adams Transcript had exploited the Photo, a scene she which had seen personally, this knowledge further aggravated S. Peckham's emotional distress and injury that S. Peckham was suffering as a result of her husband's horrific car accident and consequences around it.


**COUNT V**
**TJ. Peckham v. The North Adams Transcript**
**Emotional Distress**
**Negligent Infliction thereof**

37. TJ. Peckham incorporates all the allegations set forth in paragraphs 1-36 above as though fully set forth herein.


38. TJ. Peckham suffered further emotional distress when he learned that The North Adams Transcript had exploited the Photo for commercial use, a scene he had seen personally, this knowledge further aggravated TJ. Peckham's emotional distress was already experiencing as a result of his son's horrific car accident and consequences around it.

**Wherefore, the Plaintiffs request damages awarded to each of them and judgment in their favor, and for this court to award whatever other remedies this court deems appropriate.**

**The Plaintiffs hereby seek a Jury Trial on all matters in this complaint.**

Respectfully submitted, Thomas Peckham, lll,
Stacia Peckham, Adelaide Peckham,  & Thomas
Peckham Junior
Plaintiffs
By their attorney,

  /s/  ***Judith C. Knight***_____
Judith C. Knight, Esquire
342 Main Street
Great Barrington, MA  01230
Tel:    (413) 528-0505
Fax:    (413) 528-0101
BBO #551896          June 28, 2011