# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS F. PECKHAM, III, STACIA PECKHAM, ADELAIDE PECKHAM, THOMAS PECKHAM, JR., **Plaintiffs,** v. NORTH ADAMS TRANSCRIPT, **Defendant.** | **CIVIL ACTION NUMBER: 3:11CV30176-KPN** |

## NORTH ADAMS TRANSCRIPT'S MOTION TO DISMISS

**NOW COMES**, the Defendant, **NORTH ADAMS TRANSCRIPT**, and pursuant to Fed. R. Civ. P. 12(b)(5) and (6), hereby moves to Dismiss the Plaintiff's Complaint.

## I.   INTRODUCTION

This is an action in which the Plaintiffs seeking to recover under theories of invasion of privacy (Count I); and Negligent Infliction of Emotional Distress (Counts II - IV) following the publication of a news story about an automobile accident in which Thomas Peckham, III was seriously injured.  The Defendant publishes a photograph of the accident scene and later allowed the purchase of reprints of the photograph in its online store.

## II.   SUMMARY OF FACTS ASSERTED BY THE PLAINTIFFS

The Plaintiffs' Complaint asserts that the Thomas Peckham, III was the victim of a serious car accident on July 4, 2008 which was the fault of an individual named Albert Dickson.  The Plaintiff alleges that the Defendant published a news story and a photograph of the accident and thereafter included the photo in the online store of the newspaper.  In the online store, the public can purchase reprints of any of the photos taken by the newspaper's reporters.  The Plaintiffs claim that as a result of such publication, they suffered emotional distress.

MARTIN, OLIVEIRA
& HAMEL, PC
Attorneys and Counselors at Law
THE CLOCKTOWER
75 South Church Street, Suite 550
Pittsfield, MA 01201-6145
Tel (413) 443-6455
Fax (413) 445-5883
MAIL@martinoliveira.com

1

The full extent of the allegations regarding the Defendant's actions are included in paragraphs 19 - 25 of the Complaint as follows:

21. The next day, the North Adams Transcript had a news article about the accident. The Photo was alongside the news article.

22. In addition to the Photo in the newspaper, the North Adams Transcript was selling the Photo offered online for commercial sale reproductions of the accident scene photo in color on Tee-shirts, coffee mugs, and mouse pads.

23. The North Adams Transcript did not ask permission from T. Peckham prior to commercializing the photo.

24. A. Peckham was the first to discover this, she was online looking at the newspaper article, and much to her horror saw the most grisly experience of her life was not only being displayed in the newspaper as news but now was being seen as a commercial event for the newspaper to exploit.

25. S. Peckham also discovered the items for sale. S. Peckham was traumatized and horrified by his discovery, this only added to her emotional distress.

Complaint at Paragraphs 19 - 25 (and Exhibit A attached thereto).

## IV. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. *Standard for Dismissal under Mass. R. Civ. P. 12(b)(6)*

Fed. R. Civ. P. 12(b)(6) requires that a complaint which fails to state a claim upon which relief can be granted must be dismissed. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the well-pleaded facts as true.

### B. *The United States and Massachusetts Constitutions Protects Defendant's Right to Publish News*

The First Amendment to the United States Constitution provides:

*Congress shall make no law respecting an establishment of*

*religion, or prohibiting the free exercise thereof; or abridging the*

MARTIN, OLIVEIRA
& HAMEL, PC
Attorneys and Counselors at Law
THE CLOCKTOWER
75 South Church Street, Suite 550
Pittsfield, MA 01201-6145
Tel. (413) 443-6455
Fax (413) 445-5883
MAIL@martinoliveira.com

> *freedom of speech, or of the press; or the right of the people peaceably*
>
> *to assemble, and to petition the Government for a redress of*
>
> *grievances.*

Article XVI of the Massachusetts Constitution provides:

> *The liberty of the press is essential to the security of freedom in*
>
> *a state: it ought not, therefore, to be restrained in this commonwealth.*
>
> *The right of free speech shall not be abridged.*

The Defendant has a constitutionally protected right to publish the news. In *The Florida Star v. B.J.F*, 491 U.S. 524 (1989), the U.S. Supreme Court confirmed that the imposing damages on a newspaper of publishing truthful information violated the First Amendment. In the *Florida Star* case the newspaper had published the name of a rape victim that it had obtained lawfully, although the newspapers own internal policy and Florida law precluded publication. The Supreme Court held that damages may only be imposed if such publication violates a state interest "of the highest order." *Id* at 535. Thus, although it is possible that in a specific case publication of truthful private information may result in liability, such liability can be imposed only where the prohibition against publication of such information is necessary to serve the a state interest of the highest order. The publication of a photograph of the scene of the Plaintiff's car accident and allowing the photograph to be purchased both in the from of the newspaper and digitally in its online store do not meet that standard as a matter of law, and therefore, the Plaintiff's complaint fails to state a claim upon which relief can be granted.

MARTIN, OLIVEIRA
& HAMEL, PC
Attorneys and Counselors at Law
THE CLOCKTOWER
75South Church Street, Suite 550
Pittsfield, MA 01201-6145
Tel. (413) 443-6455
Fax (413) 445-5883
MAIL@martinoliveira.com

3

Moreover, publication of matters of legitimate public concern are constitutionally protected speech so that the Plaintiffs' claim that their privacy was invaded cannot be sustained. The Restatement (Second) of Torts s. 652D (1977) acknowledges that no claim of an invasion of privacy can occur where the subject matter is of a legitimate public concern. Clearly, a fatal car accident is a matter of legitimate public concern.

The Comments to Clause B of Restatement (Second) of Torts s. 652D confirms:

> d. *Matter of legitimate public concern.* When the matter to which publicity is given is true, it is not enough that the publicity would be highly offensive to a reasonable person. The common law has long recognized that the public has a proper interest in learning about many matters. **When the subject-matter of the publicity is of legitimate public concern, there is no invasion of privacy.** This has now become a rule not just of the common law of torts, but of the Federal Constitution as well. In the case of <u>Cox Broadcasting Co. v. Cohn (1975) 420 U.S. 469,</u> the Supreme Court indicated that an action for invasion of privacy cannot be maintained when the subject-matter of the publicity is a matter of "legitimate concern to the public." The Court held specifically that the "States may not impose sanctions for the publication of truthful information contained in official court records open to public inspection." Other language indicates that this position applies to public records in general. It seems clear that the common law restrictions on recovery for publicity given to a matter of proper public interest will now become a part of the constitutional law of freedom of the press and freedom of speech.

S 652D. Publicity Given To Private Life, Restatement (Second) of Torts § 652D (1977)(comment on clause (b))(emphasis added).

In *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975), the U.S. Supreme Court held that the claim by the father of deceased rape victim against a broadcasting company and others to recover damages for invasion of father's right of privacy, which invasion allegedly occurred when broadcasting company, in contravention of Georgia statute, identified the victim during television coverage of the trial of the alleged rapists, were bared by the First and Fourteenth Amendment of the U.S. Constitution.

MARTIN, OLIVEIRA
& HAMEL, PC
Attorneys and Counselors at Law
THE CLOCKTOWER
75South Church Street, Suite 550
Pittsfield, MA 01201-6145
Tel (413) 443-6455
Fax (413) 445-5883
MAIL@martinoliveira.com

4

The Defendant's publication of the description of the accident and related photograph is constructionally protected speech.  The Defendant is entitled to derive income from the sale of newspapers, from the posting of the image and news story online and the sale of reprints of the newspaper and images taken by the newspaper's reporters.  Moreover, since the publication is protected, the Plaintiffs cannot recover for negligent infliction of emotional distress since the Defendant's action (the publication) was not negligent.

## V.   PLAINTIFFS' COMPLAINT WAS NOT TIMELY SERVED

Fed. R. Civ. P. 12(b)(5) requires that a complaint be properly served.  This action was filed on June 27, 2011 and the Summons issued on June 28, 2011. On October 14, 2011, the Court (Neiman, J.) entered an order granting an additional sixty (60) days to serve the Complaint so the deadline for service was December 13, 2011 (October 14, 2011 plus 60 days).  The Summons was served on December 21, 2011. Accordingly, this action should be dismissed in accordance with Fed. R. Civ. P 4(m).

## VI.   CONCLUSION

For all of the foregoing reasons, the Plaintiffs' Complaint should be dismissed.

Respectfully Submitted,

**NORTH ADAMS TRANSCRIPT**

By its Attorney:

/s/ William E. Martin

William E. Martin
**MARTIN, OLIVEIRA
& HAMEL, PC**
THE CLOCKTOWER
75 South Church Street; Suite 550
Pittsfield, Massachusetts 01201-6145
Telephone Number:   (413) 443-6455
Facsimile Number:   (413) 445-5883
Email:   WEM@martinoliveira.com
BBO Number:   550466

Dated:        February 1, 2012

MARTIN, OLIVEIRA
& HAMEL, PC
Attorneys and Counselors at Law
THE CLOCKTOWER
75South Church Street, Suite 550
Pittsfield, MA 01201-6145
Tel. (413) 443-6455
Fax (413) 445-5883
MAIL@martinoliveira.com

5

W:\New England Newspapers\Peckham\0131MotionDismiss.wpd

## CERTIFICATE OF SERVICE

I, William E. Martin, Esq. hereby certify that the foregoing, filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on   February 1, 2012.

/s/ William E. Martin

_____

William E. Martin
**MARTIN, OLIVEIRA**
**& HAMEL, PC**
THE CLOCKTOWER
75 South Church Street; Suite 550
Pittsfield, Massachusetts 01201-6145
Telephone Number:    (413) 443-6455
Facsimile Number:    (413) 445-5883
Email:    WEM@martinoliveira.com
BBO Number: 550466

**MARTIN, OLIVEIRA**
**& HAMEL, PC**
Attorneys and Counselors at Law
THE CLOCKTOWER
75 South Church Street, Suite 550
Pittsfield, MA 01201-6145
Tel. (413) 443-6455
Fax (413) 445-5883
MAIL@martinoliveira.com

W:\New England Newspapers\Peckham\0131MotionDismiss.wpd